***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon review of the evidence affirms with modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer/employee relationship existed between the parties at the time of the alleged injury and/or contraction of the occupational disease.
3. The Employer-defendant is self-insured with Key Risk Management Services, Inc. as the administrator.
4. Employee-plaintiff's average weekly wage will be determined by a Form 22, which will be provided by the Employer-Defendant.
 ***********
Based upon the foregoing Stipulations and the evidence presented, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 39 years old and had been employed as a cashier at North Carolina AT University for approximately two years prior. Her duties included general customer service, taking university payments and making deposits. In addition, it was within plaintiff's job duties to collect and distribute money. She was responsible for retrieving the money from the vault when she arrived at work, and returning the money to the vault at the end of the workday.
2. Plaintiff alleges that she was lifting a bag with coins from the office vault when she injured her left arm. At least two or three times a week during plaintiff's two years of employment, the money bag would have coins in it that were collected from students, the library, game room or parking meters.
3. On October 28, 2002, after she arrived at work, plaintiff went into the vault, picked up a basket with checks and paperwork with her right hand and proceeded to pick up the moneybag with her left hand. Plaintiff testified that when she picked the bag up, she felt a pop in her left wrist. Plaintiff was aware at the time that the bag would include deposits from the previous day, which could include rolled coins collected the previous day.
4. Plaintiff testified that a deposit bag was not always in the vault because the police were supposed to pick up the deposits at night. She testified that the police did not retrieve the bag because it contained rolled coins, which could not be deposited in a night deposit box.
5. Plaintiff had placed approximately $116.85 worth of coins in the moneybag the previous day, but other cashiers could have also put money into the bag. Supervisor Kimberly Sowell testified that she weighed $116.85 in coins and it totaled 8.56 lbs; however, there is no evidence that the coins weighed were of the same denominations as those in the bag plaintiff lifted. Plaintiff testified that she did not realize coins were in the bag; therefore, the bag was heavier than expected.
6. At the time of the alleged injury, there was an investigation being conducted regarding $500.00 that was missing from plaintiff's cashier drawer on October 16, 2002. The money was never recovered. Plaintiff acknowledged that she was aware of the investigation.
7. Plaintiff went to PrimeCare on October 28, 2002 with complaints of increasing pain in her left wrist. She reported that she injured her left wrist at work when she lifted a bag of coins. The PrimeCare medical staff noted that there was no fracture and diagnosed plaintiff with a left wrist sprain. Plaintiff was prescribed medication and told to not use her left hand and to wear a splint from 28 October 2002 through 5 November 2002. Plaintiff was allowed to return to work at "employee's normal shift." On 6 November 2002, plaintiff returned to PrimeCare and her restrictions were continued through 13 November 2002. On November 13, 2002, PrimeCare referred plaintiff to Dr. Frank Rowan, an orthopedist.
8. Dr. Rowan examined plaintiff on 20 November 2002. He was of the opinion that there were no objective findings that plaintiff suffered an injury. He removed plaintiff from work until an MRI was performed. Plaintiff testified that she told Dr. Rowan she had already been fired. Plaintiff's x-rays and MRI showed no fracture, no broken bones, and all structures as well as cartilage were within normal limits and intact. Plaintiff's tendonous structures were also within normal limits. The most significant findings of the MRI were slight degenerative changes, which were pre-existing. Plaintiff also had normal EMG test findings.
9. Dr. Rowan opined that "with essentially a normal MRI, arthrogram, and normal EMGs and NCVs, I have no good diagnosis for the pain that she was having to start with. I can't explain the level of pain she was describing based on physical exam or those two tests." Dr. Rowan took plaintiff out of work due to her subjective pain complaints. Based on the greater weight of the medical evidence, plaintiff did not sustain an injury on October 28, 2002. Plaintiff's testimony to the contrary is not accepted as credible.
10. Although plaintiff was released to return to work with restrictions on 28 October 2002, she did not return to work until 18 November 2002. Ms. Sowell informed plaintiff on 18 November 2002 that she had been terminated due to the events surrounding the investigation of the missing money.
11. Based on the greater weight of the evidence, plaintiff did not prove injury by accident. At the time plaintiff picked up the moneybag, she was performing her usual duties that she did every day in her usual way. Plaintiff's testimony that she did not expect coins to be in the bag is not accepted as credible.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has not proven by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of her employment on October 28, 2002. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim should be denied.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. The plaintiff's claim for workers' compensation benefits from the defendant is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of December 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER